41 N.J. Super. 362 (1956)
125 A.2d 225
THE CITY OF EAST ORANGE, A MUNICIPAL CORPORATION, PLAINTIFF-RESPONDENT,
v.
ELIZABETH L. GILCHRIST, INDIVIDUALLY AND AS EXECUTRIX OF THE LAST WILL AND TESTAMENT OF EDNA DICKINSON, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued July 9, 1956.
Decided August 31, 1956.
*363 Before Judges FRANCIS, KNIGHT and HUGHES.
Mr. Marius Grosso argued the cause for the appellant (Messrs. Grosso & Beck, attorneys).
Mr. Donald Karrakis argued the cause for the respondent (Mr. Walter C. Ellis, attorney).
The opinion of the court was delivered by HUGHES, J.S.C. (temporarily assigned).
This appeal challenges the propriety of the entry of a summary judgment *364 in the Chancery Division, for specific performance, in favor of the plaintiff-respondent City of East Orange, and against the defendant-appellant Elizabeth L. Gilchrist, individually and as executrix of the last will and testament of Edna Dickinson. The question involved, while somewhat unusual, seems uncomplicated and hinges upon the following facts settled by the record:
In 1921 Justina Dickinson, a widow, and her daughter, Edna Dickinson, unmarried, owned some 134 acres of land in the Townships of Livingston and Millburn in Essex County. This land contained one or more buildings known as the "Dickinson Homestead" in which such owners lived. The city, wishing to acquire such land for governmental purposes, agreed to buy and the owners agreed to sell it, excepting, however, some 16.31 acres on which such homestead was located. The deed passed in 1922 and both it and the contract provided as follows:
"The said parties of the first part do further grant to the said party of the second part an option to purchase the premises (including all appurtenances thereto) hereinbefore described as excepted from the premises to be conveyed, for the sum of twelve thousand dollars upon the following terms: Whenever said parties of the first part shall no longer desire to use and occupy the said lands and premises, they shall notify the said party of the second part in writing to that effect. Said party of the second part shall then have the right to accept said option and purchase said property at any time within three months from the receipt of such notice." (Italics suggested by counsel for defendant-appellant)
The Dickinsons continued to live in such homestead together until June 9, 1930, when Justina Dickinson died intestate, leaving as her sole heir at law her daughter, the aforesaid Edna Dickinson. After her mother's death Edna Dickinson continued to live in the homestead until she died on September 15, 1954, leaving by will the residue of her estate to a friend, Elizabeth L. Gilchrist, who duly qualified as executrix of such will. The city gave prompt notice of its exercise of the option to purchase the reserved portion of this property, under the terms and conditions of the deed of 1922, and the executrix resisted on various grounds, *365 culminating in the litigation now before us on this appeal. On the basis of affidavit proof of these facts and others of relevance, including evidence of a substantial appreciation in the value of the premises during the intervening years, the Chancery Division entered summary judgment requiring specific performance on the part of the defendant-appellant, by conveyance of the property to the city on the terms established by the 1922 deed.
In urging reversal of this judgment the defendant-appellant makes the point that under the strict implications of the wording of the option grant, supra, two conditions precedent existed, not only the termination of desire for use and occupancy of the premises by the owners, but notification by them to the city, in writing, to that effect. The first such condition, of course, was fulfilled by the death in 1954 of the survivor of such owners. It is specious to contend, as does the defendant-appellant, that a conditional option of this kind would defeat the provisions of the statute of wills, as a contract to transfer effective upon the death of the grantor. This option is not keyed to the death of the owners, which is only one of the occurrences which might fulfill the stated condition of termination of the desire to use and occupy, and the statute referred to consequently has no relevance under these circumstances.
More, the obligation to notice the city of such eventuality being reached is not a true condition precedent, but rather an obligation binding on the owners, if possible for them to fulfill it. The option right of the city in nowise depends upon such notice, assuming that the fulfillment of the prime condition may otherwise be established. We cannot agree that the city's right depended (or was intended to depend) upon the giving of such notice by the owners. For instance, if the owners had (without notice of any kind to the city) clearly evinced the cessation of their desire to use and occupy the premises, as by attempting to convey them and move elsewhere to live, we cannot believe that a court of equity would permit the grantors thus to frustrate the purpose of their agreement; on the contrary, such court *366 would obviously have enjoined specific performance upon the exercise of the option by the city.
So here, the valid exercise of the option depends upon the fruition of the eventuality which the parties intended, namely, the termination of the personal right of the owners to use and occupy the premises, and not upon the fulfillment of the directory obligation to indicate that status to the city.
Nor do we perceive any inequity in the enforcement of this agreement. True, the value of the property has appreciated in the intervening years, but on the other hand it is plain that by this agreement the owners clearly implied their intention to sell, inter alia, the right to realize on the increase in value of their property during their use and occupancy. Lastly, the option was not rendered invalid by the substantial lapse of time between its grant and its exercise. It was not in fact exercisable, under the circumstances here, until 1954, and the city then expressed and sought to enforce its right with the requisite dispatch.
Accordingly, we think that the judgment of the learned court below was proper, and it is affirmed.